[Civ. No. 28089.   Second Dist., Div. Three.   Dec. 6, 1965.]

DIANE CRAIG, Plaintiff and Appellant, v. JESS KAPLAN et al., Defendants and Respondents.

David R. Glickman and Ronald A. Burford for Plaintiff and Appellant.

Robert Sikes, Leon A. Pinney, Kinkle, Rodiger, Graf & Dewberry and Donald H. Dewberry for Defendants and Respondents.

SHINN, P. J.—The present action is for personal injuries suffered by plaintiff when she fell overboard from the roof of the cabin of a motor cruiser while it was anchored off Catalina Island. The defendants are Kaplan, the owner of the boat, and one Sperry who, previous to the day of the accident, had served as skipper.[1] Motions of defendants for nonsuit were granted and plaintiff appeals.

The facts of the case are undisputed. ■ The rule that a nonsuit can be granted only when the evidence of the plaintiff is legally insufficient to support a judgment in his favor is understood by all lawyers and requires no elaboration or citation of authority.

■ Kaplan owned a 42-foot motor cruiser (Nora Kate III); he chartered it to a party of 10 for a four-day cruise to Catalina Island; he provided the services of Sperry as skipper for limited duty and charged $125 a day for the boat and $25 per day for the services of Sperry. These services consisted of taking the boat and party from Alamitos Bay to Newport Beach and instructing members of the party in what they should know in order to operate the boat on the cruise to the island. As had been agreed, Sperry left the boat at Newport Beach and it was turned over to be operated by two members of the party who had had motorboat experience. There was no question as to the terms of the charter. Full control of the boat was surrendered to the party when Sperry left; plaintiff does not contend otherwise.

The channel was crossed and the boat lay at anchor near the island shore when the accident occurred. The boat had two cabins, a forward 10 x 40 foot trunk cabin and a main cabin which was about 40 inches higher. The roof of the main cabin was fairly flat and surfaced with non-skid material; at the rear were two 12- to 15-foot poles which were used to hold trolling fishing lines. Plaintiff, who had been sunbathing on the roof, stood erect looking toward the shore and holding onto one of the poles; a large boat went by and in a couple of seconds the Nora Kate III rolled sharply; plaintiff lost her balance and fell, striking the rail and landing in the water.

Plaintiff's arguments accuse Kaplan and Sperry of negligence in the following particulars: it was the duty of Kaplan to have railings around the cabin roof which would protect persons from falling overboard; both Kaplan and Sperry should have warned the members of the party that sunbathing should be confined to the trunk cabin, of the danger

---

[1]Sperry's partner was also named as a defendant.

of being on the roof of the main cabin and generally of "danger areas, places to sunbathe and matters of that nature."

There was a 2-inch railing around the roof of the cabin, which obviously was not designed or adequate to make it safe for persons to walk or stand on the roof or prevent them from falling overboard. There was no evidence that any other type of railing was required by law or regulation and there was evidence that the boat passed the Coast Guard inspection.

It is argued that the boat had "dangerous propensities," and that one could be "flipped" off the boat by its "unexpected and unusual motion"; these conditions constituted a "concealed hazard" tantamount to a "trap"; plaintiff should have been warned of "the dangerous rocking characteristic of this yacht and that the top of the main cabin was unsafe"; defendants "entrusted a dangerous instrumentality to an unskilled person" (plaintiff) who was injured by the "snapping motion" of the boat.

There was no evidence that the boat had any unusual characteristic or that it was not seaworthy. It had a beam of at least 10 feet. There was no evidence that it had excessive or unusual roll for a boat of its type and size or that the cabin roof was an unsafe place for anyone who took reasonable care not to fall overboard. Defendants had a right to assume that plaintiff knew the Catalina channel is not a mill pond and that boats of all sizes and types are rocked by ocean swells and waves created by passing craft. They had no legal duty to warn plaintiff of conditions that were open and obvious to the senses. If plaintiff did not know those things when she went aboard she knew, before her accident, that there was but a 2-inch railing around the roof of the cabin and she testified she had learned that one was thrown from side to side by the rolling of the boat caused by the ocean swells. She had been aboard for two days and had been on the cabin roof once before the occurrence of the accident. She could not have failed to know that it was difficult to maintain her balance when the boat was rolling with the swells or with waves created by passing boats. The basis of the nonsuits was that defendants had no duty to warn plaintiff that it would be dangerous to stand erect on the cabin roof while the boat was rolling and especially dangerous if other boats were passing by. Defendants could not have been held responsible

for the accident in failing to warn plaintiff of dangers she was aware of, prior to her accident, without being told. It is all too clear that plaintiff, who was without experience on the water, did not realize the extent of her danger and that someone aboard should have cautioned her against sunbathing or standing on the cabin roof, but no duty rests upon those who put out pleasure boats on charter, to be operated by others, to give the users instructions and warnings as to all the common and obvious hazards of boating. We discern no error in the determination that the evidence of plaintiff was legally insufficient to prove negligence on the part of either defendant or to justify a judgment in favor of plaintiff.

It is contended that the grounds of the motions for nonsuit were not sufficiently stated. We cannot agree. When plaintiff had closed her evidence defendants at once argued that it was insufficient to prove that they had any duty to warn plaintiff with respect to her conduct on the boat or that the boat would roll on the open sea or that she should not stand erect on the cabin roof. These arguments were vigorously answered by plaintiff, the court participated actively in the discussion, and when it was over, and defendants formally made motions for nonsuits, they were granted. It could not have been made more clear that defendants were seeking judgment of nonsuit upon the ground there was no evidence they were guilty of negligence.

The judgment is affirmed.

Ford, J., and Kaus, J., concurred.